Jason S. Nunnermacker, Esq. (Admitted *Pro Hac Vice*)
Arturi, D'Argenio, Guaglardi & Meliti, LLP
Mack Centre I
365 W. Passaic Street, Suite 130
Rochelle Park, NJ 07622
Telephone (201) 947-4100
Fax (201) 947-1010
Attorneys for Defendants Bardonia Plaza, LLC, Eric Bergstol, Bergstol Enterprises, Inc.,
Joel Black, Schulman and Black, LLP and Dominic Capio

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

THE DALZELL MANAGEMENT COMPANY, INC.,          Civil Case No.  11-CIV-5617-CS

     Plaintiff,

v.

BARDONIA PLAZA, LLC, MILTON B. SHAPIRO,
ERIC BERGSTOL, BERSTOL ENTERPRISES, INC.,
JOEL BLACK, SCHULMAN AND BLACK, LLP.
and DOMINIC CAPIO,

     Defendants,

_____x

---

## DEFENDANTS' MEMORANDUM OF LAW AND FACT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER THE ABSTENTION DOCTRINE

---

On the Brief:  Jason S. Nunnermacker, Esq.

TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.     THIS COURT MUST DISMISS DALZELL'S COMPLAINT UNDER
         THE ABSTENTION DOCTRINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    THE STATE COURT MATTER AND FEDERAL MATTER ARE
         PARALLEL FOR PURPOSES OF INVOKING THE COLORADO
         RIVER DOCTRINE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    THE FIRST FACTOR OF JURISDICTION OVER ANY RES IS NOT
         APPLICABLE AS THERE IS NO REAL PROPERTY AT ISSUE
         HERE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    THE SECOND ELEMENT OF THE COLORADO RIVER ANALYSIS,
         INCONVENIENCE OF THE FEDERAL FORUM, ALSO DOES NOT
         APPLY HERE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.    THE AVOIDANCE OF PIECEMEAL LITIGATION CLEARLY
         FAVORS DISMISSAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    E.    THE ORDER IN WHICH THE CONCURRENT FORUMS OBTAINED
         JURISDICTION CLEARLY FAVORS THE STATE COURT . . . . . . . . . . . . . 9

    F.    THE SOURCE OF APPLICABLE LAW FACTOR ALSO WEIGHS
         IN FAVOR OF DISMISSAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    G.    THE STATE COURT IS AN ADEQUATE FORUM TO PROTECT
         AND ADJUDICATE DALZELL'S FEDERAL AND STATE LAW
         CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

i

TABLE OF AUTHORITIES

Page No.

<u>Alabama Pub. Serv. Comm'n v. Southern Ry. Co.</u>, 341 U.S 341 (1951) . . . . . . . . . . . . . . . . . 10

<u>Arizona v. San Carlos Apache Tribe of Arizona</u>, 463 U.S 545 (1983) . . . . . . . . . . . . . . . . . . . . 8

<u>Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York</u>,
762 <u>F. 2d</u>. 205 (2d Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>Burford v Sun Oil Co.</u>, 319 U.S. 31 (1943) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Burnett v. Physician's Online, Inc</u> 99 <u>F. 3d</u>. 72 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . 3,4

<u>Canaday v Koch</u>, 608 <u>F. Supp</u>. 1460 (SDNY 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Colorado River Water Conservation District, et. al. v. United States</u>,
424 U.S. 800 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

<u>Congress Talcott v. Roslin</u>, 1996 <u>WL</u> 499337, *3 (SDNY 1996) . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Dittmer v. County of Suffolk</u>, 146 <u>F. 3d</u>. 113 (2nd Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Goldentree Asset Management, LP v. Longaberger Co.</u>,
448 <u>F. Supp. 2d</u> 589 (SDNY 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

<u>Gulf Offshore Co v. Mobil Oil Corp.</u>, 453 US 473 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

<u>Hecht v. Components International, Inc.</u>, 22 <u>Misc. 3d</u> 360 (Nassau County 2008) . . . . . . . . . . 12

<u>Inn Chu Trading Co. v. Sara Lee Corp.</u>, 810 <u>F. Supp</u>. 501 (SDNY 1992) . . . . . . . . . . . . . . . . 8

<u>Kirkbride v. Continental Cas. Co.</u>, 933 <u>F. 2d</u>. 729 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Kshel v. Realty Corp v. City of New York</u>, 2003 <u>WL</u> 21146650, *5 (SDNY 2003) . . . . . . . . . 5

<u>Midamerica Productions, Inc. v. Derke</u>, 33 <u>Misc. 3d</u> 1209 (New York County 2010) . . . . . . . 12

<u>Moses H. Cone Memorial Hospital v. Mercury Const. Corp.</u>
460 <u>U.S.</u> 1 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *Passim*

ii

Mouchantaf v. International Modeling and Talent Ass'n,
368 F. Supp. 2d. 303 (SDNY 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,8

Scory LLC v. Maroney, 15 Misc. 3d 1140 (Nassau County 2007) . . . . . . . . . . . . . . . . . . . . . . . 11
Village of Westfield v. Welch's, 170 F. 3d. 116 (2d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . 4

Wiggin & Co v. Ampton Investments, Inc., 66 F. Supp. 2d. 549 (SDNY 1999) . . . . . . . . . . 3,4

### STATEMENT OF FACTS

This matter arises from Defendant Bardonia Plaza, LLC's ("Bardonia Plaza") termination of a verbal property management agreement between itself and Plaintiff, Dalzell Management Company, Inc. ("Dalzell"). Dalzell seeks damages from Defendants Bardonia Plaza, Eric Bergstol, Bergstol Enterprises, Inc., Joel Black, Schulman and Black, LLP and Dominic Capio ("Defendants[1]") in the instant matter for Defendants' alleged wrongful 1) access to Dalzell's computer database in violation of 18 USC 1030; 2) trespass to chattel; 3) trespass to land; 4) eviction under RPAPL §853; 5) failure to provide requisite notice to terminate a license pursuant to RPAPL §713; 6) conversion; and 7) destruction and loss of Dalzell's business operations ("Federal Matter"). (Affidavit of Jason S. Nunnermacker, Esq. [JSN Aff.] Exhibit A, Counts 1-7, pages 10-14].

Briefly, Bardonia Plaza is the owner of real commercial property located at 2 Bardonia Mall, Bardonia, New York ("Bardonia Mall").  (JSN Aff. Exhibit C] ¶2[a]).  Solveig Bergstol is the principal owner of Bardonia Plaza (Ibid).  However, her son, Eric Bergstol, assists her in all aspects of the operations of the Bardonia Plaza and is an authorized agent for that entity. (Id. ¶¶2-3).   Dalzell is the former property manager for Bardonia Plaza.  (JSN Aff. Exhibit A, ¶¶25 and 43; Exhibit B ¶¶18, 27, and 43).  Not only did Dalzell provide property management services for Bardonia Plaza, Dalzell also served as property manager for several other commercial properties owned by corporate entities controlled by either Solveig Bergstol and/or Eric Bergstol, respectively, in and around Rockland County, New York ("Bergstol Entities").  (Ibid. and Exhibit C ¶¶ 4-7).  During the course of its property management duties of the Bergstol Entities, Dalzell occupied office space located in the Bardonia Mall ("Dalzell Office").  (JSN Aff. Exhibit A ¶18 and Exhibit ¶15).

---

[1] Milton Shapiro is also a defendant in this matter however he is represented by separate counsel.

1

The Bergstol Entities, including the Bardonia Plaza, terminated Dalzell's property management services on August 1, 2011, providing the required notice to Dalzell to vacate the Dalzell Office.  (JSN Aff. Exhibit A ¶43 and Exhibit B ¶43).  The reasons for such termination are several, and are specifically set forth in the complaint filed by the Bergstol Entities in the Rockland County Supreme Court on August 16, 2011, Index Number 31894/11 ("State Matter").  (JSN Aff. Exhibit C).  In sum, the Bergstol Entities allege Dalzell misappropriated funds in an amount over $900,000.00.

Germane to this motion, Dalzell filed counterclaims in the State Matter alleging breach of contract and setting forth a variety of factual allegations for its claims against the Bergstol Entities, including Bardonia Plaza.  (JSN Aff. Exhibit B, ¶¶83-92).  As such, Dalzell's factual allegations in the Federal Matter and State Matter are that 1) Bardonia Plaza failed to provide the required notice to terminate Plaintiff's license to occupy office space; 2) Bardonia Plaza is in breach of certain oral agreements; 3) Bardonia Plaza, its principal and agents, wrongfully entered Plaintiff's office space on the morning of August 1, 2011; 4) Bardonia Plaza, and its principal and agents, wrongfully accessed certain property belonging to Plaintiff, including its computer; 5) Plaintiff's business was damaged as a result of the alleged wrongful eviction.  JSN Aff. Exhibit A, ¶¶43-53; 57-60; 90-118 and Exhibit B, ¶¶39-53; 58-60; 83-92.

As the Court can see, Dalzell's factual allegations in the State Matter and Federal Matter are exactly mirrored.

Accordingly, Defendants file this motion to dismiss Dalzell's redundant and parallel claims in the Federal Matter as the appropriate venue for same is the State Matter.

2

# LEGAL ARGUMENT

## I.   THIS COURT MUST DISMISS DALZELL'S COMPLAINT UNDER THE ABSTENTION DOCTRINE

Defendants concede that generally, "federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction." Burnett v. Physician's Online, Inc., 99 F. 3d 72, 76 (2d Cir. 1996) *quoting* Colorado River Water Conservation District, et. al. v. United States, 424 U.S. 800, 817 (1976).

> However, a district court has the discretion to abstain from exercising jurisdiction over an action where a concurrent state proceeding is pending based upon 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'.
>
> [Wiggin & Co. v. Ampton Investments, Inc., 66 F. Supp. 2d. 549, 551 (SDNY 1999) quoting Colorado River, p. 817.]

Indeed, the United States Supreme Court has held:

> Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided. Where a district court is presented with a claim such as was made here, it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there. The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.
>
> [Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495, 62 S.Ct. 1173, 1176 (1942)].

Thereafter, the Court in Colorado River held:

> …the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited that the circumstances appropriate for abstention.  The former circumstances, though exceptional, do nevertheless

3

exist.

[Emphasis added. Colorado River, p. 818].

Therefore:

'[t]o determine whether Colorado River abstention is appropriate, the district court must weigh six factors…' (1) the assumption of jurisdiction over any res or property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the concurrent forums obtained jurisdiction. *See* Colorado River, p. 818. In Moses H. Cone [Memorial Hospital v. Mercury Const. Corp. 460 US 1 (1983)], the Court added two more factors to the Colorado River abstention analysis: (5) the source of the applicable law; and (6) the adequacy of procedures in the state court to protect the federal plaintiff's rights.

[Wiggins, p. 551-552 *quoting* Burnett v. Physician's Online, Inc. 99 F. 3d 72, 76 (2d Cir. 1996)].

The Second Circuit has held that "although the test for Colorado River abstention is no 'mechanical checklist,' [this] court must balance the relevant factors in reaching its decision." Village of Westfield v. Welch's, 170 F. 3d 116, 121 (2nd Cir. 1999). Further, "no one factor is necessarily determinative." Colorado River, p. 818. Additionally, "the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." Moses H. Cone, p. 16. Importantly, the New York's Southern District recognizes that "the federal courts frequently follow Colorado River by abstaining from exercising jurisdiction in deference to parallel state actions." Wiggins, p. 552.

For the reasons set forth below and based upon settled law of the United States Supreme Court, Second Circuit and the Southern District of New York, Defendants respectfully submit that Plaintiff's complaint be dismissed as it is duplicative litigation which can appropriately proceed in the parallel state matter.

## A.  THE STATE COURT MATTER AND FEDERAL MATTER ARE PARALLEL FOR PURPOSES OF INVOKING THE COLORADO RIVER DOCTRINE

Initially, "[t]he principles of Colorado River are to be applied only in situations 'involving the contemporaneous exercise of concurrent jurisdictions.'" Dittmer v. County of Suffolk, 146 F. 3d 113, 117-18 (2nd Cir. 1998) quoting Kirkbride v. Continental Cas. Co., 933 F. 2d 729, 734 (9th Cir. 1991).  Accordingly, "[b]efore considering the factors set forth in Colorado River, a threshold determination is 'whether the state and federal proceedings are indeed parallel, i.e., whether substantially the same parties are litigating the same issues in a state forum." Emphasis added. Mouchantaf v. International Modeling and Talent Ass'n, 368 F. Supp. 2d 303, 306 (SDNY 2005) quoting Kshel Realty Corp v. City of New York, 2003 WL 21146650 *5 (SDNY 2003).

In Congress Talcott Corp. v. Roslin, 1996 WL 499337 *3 (SDNY 1996), the court found concurrent litigations exists when the:

> resolution of each matter will be decided on the basis of the same discovery, the same documents, the same depositions, and the same witnesses…[Plaintiff] is the plaintiff in both actions.  Although the defendants are not the same, they are closely related.

Here, Plaintiff's complaint in the Federal Matter and its' affirmative claims in the State Matter are based entirely on the same alleged facts.   In sum, Plaintiff's factual allegations in both actions are that 1) Defendant Bardonia Plaza failed to provide the required notice to terminate Plaintiff's license to occupy office space; 2) Bardonia Plaza is in breach of certain oral agreements; 3) Bardonia Plaza, its principal and agents, wrongfully entered Plaintiff's office space on the morning of August 1, 2011; 4) Bardonia Plaza, and its principal and agents, wrongfully accessed certain property belonging to Plaintiff, including its computer; 5) Plaintiff's business was damaged as a result of the alleged wrongful eviction.  JSN Aff. Exhibit A, ¶¶43-53;

5

57-60; 90-118 and Exhibit B, ¶¶39-53; 58-60; 83-92.

Defendants recognize that the identity of the parties may be different in the captions but upon further analysis the parties are substantially similar and are closely related in these matters. The plaintiffs in the State Matter are the Bergstol Entities, including Bardonia Plaza. Bardonia Plaza and its' agent, Eric Bergstol, are defendants in the Federal Matter.   Further, Defendant Schulman and Black is the accountant for Mr. Bergstol and the Bergstol Entities, including Bardonia Plaza. JSN Aff. Exhibit A¶57-59. Defendant Joel Black is the principal of Schulman and Black.  Ibid.  Defendant Dominic Capio is a principal of the management company that now manages real property belonging to the Bergstol Entities, including Bardonia Plaza. JSN Aff. Exhibit C, ¶45.   Based upon the claims asserted by Dalzell in the State Matter and Federal Matter, Mr. Bergstol, Mr. Black and Mr. Capio are necessary witnesses in both matters.

Further, Dalzell's former owner is George Dalzell.  JSN Aff. Exhibit A, ¶¶25-27 and Exhibit B, ¶¶18-20.  George Dalzell is also a necessary witness in both matters as an issue in both litigations is the terms of the oral agreements between the Bergstol Entities and Dalzell as to the management of the property belonging to the Bergstol Entities.  Also, Dalzell has alleged in both matters that two unidentified individuals were illegally copying Dalzell's computer files on the behalf of Eric Bergstol and/or the Bergstol Entities.  JSN Aff. Exhibit A, ¶¶50-51 and Exhibit B, ¶¶50-51.

Additionally, discovery in the State Matter revealed that Dalzell only had one other client not related to the Bergstol Entities, Cedar Grove Homeowner's Association.  This entity is therefore a relevant witness as to the damages sustained by Dalzell as a result of the alleged wrongful eviction from the Dalzell Office.  Accordingly, there are at least four non-party witnesses who would be compelled to appear for depositions and trial in the State Matter and

6

Federal Matter, respectively, should the parallel Federal Matter not be dismissed.

Clearly, the State Matter and Federal Matter are concurrent and parallel and therefore eligible for the <u>Colorado River</u> analysis.

### B. THE FIRST FACTOR OF JURISDICTION OVER ANY RES IS NOT APPLICABLE AS THERE IS NO REAL PROPERTY AT ISSUE HERE

The Second Circuit has stated that this factor is "not applicable …when there is no res or property involved." <u>Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York</u>, 762 <u>F. 2d</u>, 205, 210 (2d Cir. 1985).

Here, there is no issue of ownership of any *res* or real property involved.  Although Plaintiff alleges wrongful eviction from property, Plaintiff does not allege any ownership rights to that property.

Therefore, this factor is not applicable to the Court's analysis.

### C. THE SECOND ELEMENT OF THE COLORARD RIVER ANALYSIS, INCONVENIENCE OF THE FEDERAL FORUM, ALSO DOES NOT APPLY

The Second Circuit also noted that when the geographic location of the State and Federal Courthouses are in close proximity, the inconvenience element of Colorado River is "not applicable." <u>Arkwright</u>, p. 210.

Here, there is only an approximate 18 mile difference between the Rockland County Supreme Court in New City, New York and the Southern District of New York in White Plains, New York, which, respectfully makes this factor a non-issue.

## D. THE AVOIDANCE OF PIECEMEAL LITIGATION CLEARLY FAVORS DISMISSAL

The Supreme Court has explained that "the <u>most important factor</u> in our decision to approve the dismissal [in <u>Colorado River</u>] was the 'clear federal policy...[of] avoidance of piecemeal litigation.'" Emphasis added. <u>Moses H. Cone</u>, p. 16 *quoting* <u>Colorado River</u>, p. 819. Further:

> Although the existence of duplicative litigation is not a determinative factor, the Second Circuit noted in <u>Arkwright-Boston</u>, that 'maintaining virtually identical suits [arising out of the same set of facts] in two forums...would waste judicial resources and invite duplicative effort...[A]voidance of piecemeal litigation is best served by leaving these suits in the state court.'
>
> [<u>Goldentree Asset Management, LP v. Longaberger Co.</u>, 448 <u>F. Supp. 2d</u> 589, 594 (SDNY 2006)] *quoting* <u>Arkwright</u>, p. 211]

In favoring dismissal premised upon abstention, the <u>Arkwright</u> Court reasoned:

> Further, inconsistent disposition of these claims between two concurrent forums would breed additional litigation on assertions of claims and issue preclusion. This could burden the parties for years to come. '[T]he existence of such concurrent proceedings creates the serious potential for spawning an unseemly and destructive race to see which forum can resolve the same issues first [which would be] prejudicial, to say the least, to the possibility of reasoned decision-making by either forum.'
>
> [<u>Arkwright</u>, p. 211 *quoting* <u>Arizona v. San Carlos Apache Tribe of Arizona</u>, 463 U.S. 545 (1983)].

New York's Southern District has determined that, "[t]he predominant concern expressed in <u>Colorado River</u> and its progeny is 'the avoidance of piecemeal or purely duplicative litigation and the concomitant waste of judicial resources.'" <u>Mouchantaf</u>, p. 307 *quoting* <u>Inn Chu Trading Co. v. Sara Lee Corp.</u>, 810 <u>F. Supp.</u> 501, 508 (SDNY 1992).

As already set forth in the Statement of Facts and Point I(A), *supra*, the Federal Matter and State Matter are parallel and "duplicative". JSN Aff. <u>Exhibit</u> A, ¶¶43-53; 57-60; 90-118 and <u>Exhibit</u> B, ¶¶39-53; 58-60; 83-92. Accordingly, if the Federal Matter and State Matter are

allowed to proceed simultaneously, not only will there be duplicative discovery, depositions, and potentially trial testimony, but on Dalzell's State law claims there lies the potential of conflicting verdicts.  Conflicting verdicts may lead to parallel appellate proceedings.  In sum, the State Matter can be resolved but the Federal Matter could still proceed, or vice versa.  Judicial efficiency, respectfully, dictates that a litigation should be resolved fully, and resolved only once.

Therefore, this factor clearly favors dismissal.

### E.  THE ORDER IN WHICH THE CONCURRENT FORUMS OBTAINED JURISDICTION CLEARLY FAVORS THE STATE COURT

When evaluating this factor, the United States Supreme Court has made clear that, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone, p. 21.  Notably, and analogous to this matter, the Court in Moses H. Cone "pointed out as a factor favoring dismissal [in Colorado River] 'the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss.' Id., p. 21 *quoting* Colorado River, p. 820.

Here, Defendants acknowledge that only a day lapsed between the filing of the State Matter complaint and Dalzell's filing of the Federal Matter.  However, in the State Matter, the vast majority of written discovery has been exchanged.  However, in this matter the only filings have been the pleadings and the within motion.   Defendants have served their written discovery requests upon Plaintiff but Plaintiff has not served any discovery requests.

Much like Colorado River, there is an "apparent absence of any proceedings in the District Court," to date.  Colorado River, p. 820.  Therefore, Defendants respectfully submit this factor favors dismissal.

9

### F.   THE SOURCE OF APPLICABLE LAW FACTOR ALSO WEIGHS IN FAVOR OF DISMISSAL

Defendants recognize that "the presence of federal law issues must always be a major consideration weighing against surrender [of federal jurisdiction.]"  Moses H. Cone, p. 25.  Such "consideration," however, is not determinative as "the presence of state-law issues, may in exceptional circumstances, weigh in favor of surrendering jurisdiction[.]"  Goldentree Asset Management, LP, p. 594.   Further, the Southern District of New York has opined:

> That a case presents a federal constitutional issue does not prevent the court from choosing to abstain…Burford [v. Sun Oil Co., 319 U.S. 31(1943)] itself presented a constitutional question, as did Alabama Pub. Serv. Comm'n [v. Southern Ry. Co., 341 U.S. 341 (1951)], yet the Supreme Court nevertheless held abstention to be appropriate in those cases. So a constitutional claim does not necessarily bar abstention…[Abstention] means only that in the particular case it is more appropriate that the federal rights be safeguarded by proper adjudication in the state system.  The state decisionmakers are constitutionally bound to apply federal law where appropriate, and federal review remains available, by appeal to the United States Supreme Court from the decision of the state's highest court. *See*, Burford, 319 U.S. at 333.

[Canaday v. Koch, 608 F. Supp. 1460, 1469 (SDNY 1985)].

Here, Dalzell alleges 7 counts of illegal conduct by Defendants in the Federal Matter:

| | |
|---|---|
| Count 1: | Computer Fraud and Abuse Act, 18 U.S.C. §1030(a)(2)(C) |
| Count 2: | Trespass to Chattel |
| Count 3: | Trespass to Land |
| Count 4: | Wrongful Eviction, RPAPL §853 |
| Count 5: | Failure to Provide Notice, RPAPL §713 |
| Count 6: | Conversion |
| Count 7: | Destruction and Loss of Plaintiff's Business |

[JSN Cert. Exhibit A, Counts 1-7, pages 10-14].

As the Court can see, all but one of the Counts, the Computer Fraud and Abuse Act, are rooted in State common or statutory law. Moreover, the factual support for the State claims in the Federal Matter are exactly the same factual allegations contained in Dalzell's breach of contract

counterclaim in the State Matter.  In essence, Dalzell seeks to litigate and adjudicate the same set

of facts for its two different sets of State claims in two different parallel courts.  Respectfully,

this is precisely the sort of "duplicative" litigation that <u>Colorado River</u> seeks to prevent.

Further, as shown in Point I(G), the State court is quite capable to decide Dalzell's lone federal

claim as it has done many times.

　　　　Defendants therefore submit that this factor, as well, favors dismissal.

### G.  THE STATE COURT IS AN ADEQUATE FORUM TO PROTECT AND ADJUDICATE DALZELL'S FEDERAL AND STATE LAW CLAIMS

　　　　When considering the sixth factor of the <u>Colorado River</u> analysis, this Court must

determine whether the "parallel state-court litigation will be an adequate vehicle for the complete

and prompt resolution of the issues between the parties."  <u>Moses H. Cone</u>, p. 28.

　　　　As to a State court's authority to exercise jurisdiction of a federal claim:

> The general principle of state-court jurisdiction over cases arising under
> federal laws is straightforward: state courts may assume subject-matter
> jurisdiction over a federal cause of action absent provision by Congress to
> the contrary or disabling compatibility between the federal claim and state
> court adjudication.

> [<u>Gulf Offshore Co. v. Mobil Oil Corp.</u>, 453 US 473 (1981)].

　　　　Indeed, "[i]n considering the propriety of state-court jurisdiction over any particular

claim, the Court begins with the presumption that state courts enjoy concurrent jurisdiction."

<u>Ibid</u>.

　　　　In the case at bar, there is no question that the State court is more than adequate to

resolve Dalzell's six State claims in this matter.  Moreover, as to Dalzell's lone Federal claim in

this court, as set forth above, the State court does enjoy jurisdiction of such claim.  Specifically,

New York state courts have adjudicated claims under 18 <u>USC</u> 1030, *see* <u>Scory LLC v. Maroney</u>,

15 Misc. 3d 1140 (Nassau County 2007); <u>Midamerica Productions, Inc. v. Derke</u>, 33 <u>Misc. 3d</u>

1209 (New York County 2010); <u>Hecht v. Components International, Inc.</u>, 22 <u>Misc. 3d</u> 360 (Nassau County 2008).

Clearly, the State court is an adequate forum to decide Dalzell's lone federal claim and any rights thereunder.

Consequently, the sixth and final factor weighs in favor of dismissal.

## CONCLUSION

Based on the foregoing, Defendants respectfully requests that the Court dismisses Plaintiff's complaint.

Dated: June /6 2012                    By:

Jason S. Nunnermacker, Esq. (JSN 2849)
Counsel for Defendants Bardonia Plaza,
LLC, Eric Bergstol, Bergstol Enterprises,
Inc., Joel Black, Schulman and Black, LLP
and Dominic Capio
Arturi, D'Argenio, Guaglardi & Meliti, LLP
Mack Centre I
365 W. Passaic Street, First Floor
Rochelle Park, New Jersey 07662
(201) 947-4100
F- (201)947-1010
2975 Westchester Avenue
Purchase, New York 10577
(914) 701-0909

12